IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGO SALAZAR, for herself
and for her minor children, ROBERT
WHITE, RUSSEL WHITE, and
RANDY WHITE,

        Plaintiffs,

  vs.                                                     CIVIL NO.   00-1626 LH/LFG

RONALD GARCIA and
CARRIE M. PARBS,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFFS' MOTION TO DELAY RESPONSES
## AND FOR LEAVE TO TAKE LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiffs' motion [Doc. 22] to delay the filing of a response to Defendants' motion to dismiss [Doc. 12] and motions for summary judgment [Docs. 8 and 20]. Plaintiffs also seek leave of Court to take limited discovery.

For the reasons hereafter stated, Plaintiffs motion is granted in part and denied in part. The Court will establish a new response time for the motions, but will deny Plaintiffs' request to take limited discovery.[1]

---

[1] Requests for extension of time should be filed within the original time authorized or extensions granted by the Court. Fed. R. Civ. P. 6(b). Plaintiffs' present motion is filed after expiration of all extensions and, for that reason, should be denied. However, the denial of the request for extension after the time for filing a response had expired would result in a grant of the motion to dismiss and motions for summary judgment based on technical default rather than on the merits of the respective motions. M.E.N. Co. v. Control Fluidics, Inc., 834 f.2d 869, 872 (10th Cir. 1987)("strong policies favor a resolution of disputes on their merits"). As technical defaults should be avoided where feasible, the Court will grant Plaintiffs an opportunity to respond to the motions so that those matters may be considered on the merits.

**Background**

On November 17, 2000, Plaintiff Margo Salazar, acting on her behalf and on behalf of her minor children, filed a 42 U.S.C. § 1983 lawsuit against two New Mexico State Police Officers, Ronald Garcia and Carrie M. Parbs. Salazar alleged that her constitutionally protected rights, as well as the rights of her minor children, had been violated by the officers, acting under the color of state law.

In their answer to the complaint, Officers Garcia and Parbs raised, *inter alia*, the defense of qualified immunity. Together with their answer, Defendants filed a motion for partial summary judgment No. 1, seeking dismissal of the Fourth Amendment illegal search and seizure claims on the basis of qualified immunity. [Doc. 8]. Additionally, they filed a request for stay of discovery pending the Court's ruling on their proposed dispositive motion [Doc. 10]. Defendants also filed a Fed. R. Civ. P. 12(b)(6) motion seeking dismissal of Plaintiffs' Fifth Amendment, Eighth Amendment, Fourteenth Amendment procedural due process, and Fourteenth Amendment equal protection claims.

The responses to these motions were due on April 5, 2001 and March 19, 2001. Plaintiffs failed to respond to the motions. Pursuant to the district's local rule, the failure to respond in opposition to a motion constitutes consent to the grant of the motion. The dispositive motions could have been granted due to Plaintiffs' failure to respond, but were not. Rather, on March 29, 2001, the Court granted only Defendants' motion for stay of discovery [Doc. 14]. The Court concluded that based on Plaintiffs' failure to oppose the motion, they consented to the grant of the motion, and therefore, based both on their consent as well as the merits of Defendants' argument, the Court stayed discovery pending a ruling on the proposed dispositive motions.

Plaintiffs did not seek reconsideration of the Court's ruling, nor did they file any objections seeking appellate review. The time for objecting elapsed.

Thereafter, on April 6, 2001, Plaintiffs requested an extension of time to respond to the pending dispositive motions. In this request, Plaintiffs' counsel recited that he had been unable to locate the search warrants and affidavits allegedly relied upon by the officers in this case. Plaintiffs' counsel recited that he searched First Judicial District Court records and had been unable to locate affidavits, and needed additional time to conduct his investigation. Defendants did not oppose the request for an extension, and, accordingly, the trial judge granted Plaintiffs an extension of time until and through April 30, 2001 to serve their responses.

Plaintiffs did not file their responses to the motions within the extended time. However, on May 1, 2001, Plaintiffs filed a new motion seeking an extension of time to and through May 1, 2001 to respond to motions. That second request for extension was granted by the Court [Doc. 19], and the Court established May 1, 2001 as the deadline for Plaintiffs to respond to Defendants' prior motion for summary judgment and motion to dismiss. This second extension of time, as the first, also elapsed without Plaintiffs complying with the Court's directive in filing responses to the motions.

Now, two months following the elapsed deadline, Plaintiffs request another delay in their response time and, through counsel, submit a Fed. R. Civ. P. 56(f) affidavit, seeking to engage in discovery. These motions are opposed.

### Analysis

Last month, the United States Supreme Court reminded courts and counsel that qualified immunity is not just a mere defense to liability. Rather, it is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 121 S. Ct. 2151, 2156 (2001). Further, the Court

3

discussed the importance of deciding qualified immunity matters early on during the process, lest the parties entitled to the benefits of qualified immunity lose the benefit of the defense.

The Supreme Court has instructed that the purpose of the qualified immunity defense is to protect public officials performing discretionary duties from the burdens not only of trial but discovery as well. Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727 (1982); Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034 (1987); *see also* Gallegos v. City & County of Denver, 984 F.2d 358, 361 (10th Cir. 1993)("[a] successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability"). Thus, when a motion raising qualified immunity is before the Court, discovery should be stayed. Id.

It is insufficient to simply request that discovery be allowed. When a party does believe that some discovery is necessary, it is incumbent on the party to submit a Rule 56(f) affidavit. Indeed, Chief Judge James A. Parker in Ulibarri v. Gazolas, No. 92-1312 JP/LFG, slip. op. (D.N.M. Aug. 13, 1993), discussed an analogous situation where a magistrate judge allowed limited discovery on the issue related to qualified immunity. In reversing the order permitting discovery, Judge Parker stated:

> While it is clear that limited discovery on the issue of qualified immunity can proceed where motions for qualified immunity have been filed, Lewis, 903 F.2d 752 [Lewis v. City of Fort Collins, 903 F.2d 752 (10th Cir. 1990)]. Lewis also makes clear that a plaintiff must come forward with a Rule 56(f) affidavit explaining "how discovery will enable them to rebut a defendant's showing of objective reasonableness. Lewis. 903 F.2d at 758 (quoting Jones v. City & County of Denver, 854 F.2d 1206, 1211 (10th Cir. 1988)).
>
> \* \* \*
>
> Even had Plaintiff made a proper 56(f) request, the Court's discretion in granting such a motion where qualified immunity is at issue is limited and the Plaintiff's burden of demonstrating the need for discovery is greater. *See* Lewis, 903 F.2d at 758. The limitation on

> Rule 56(f) requests in the context of motions premised on qualified immunity is based on the nature of qualified immunity itself. The Supreme Court has instructed that the purpose of the defense is to protect public officials performing discretionary duties from the burdens not only of trial but discovery as well. [citations omitted]

\* \* \*

In <u>Jones v. City & County of Denver</u>, the Tenth Circuit explained:

> Rule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits "against government officials [should] be resolved prior to discovery and on summary judgment if possible. <u>Anderson v. Creighton</u>, 482 U.S. 635, 640 n. 2 (1987) . . . . Liberal applications of Rule 56(f) should not be allowed to subvert the goals of <u>Harlow</u> in its progeny.

<u>Jones</u>, 854 F.2d at 1211; <u>Lewis</u>, 903 F.2d at 758.

Judge Parker's analysis in <u>Ulibarri v. Gazolas</u> simply mirrors the Tenth Circuit's strong view that discovery should not be permitted when qualified immunity motions are pending, and the exceptions under Rule 56 are extremely narrow and should be construed in that fashion. Clearly, being forced to participate in discovery is both a burden and an expense and if discovery is permitted, the benefit of qualified immunity would be lost to public officials who perform discretionary functions. The result would be contrary to the very purpose of the qualified immunity defense. That is, to permit public officials who perform discretionary functions to be free from the burdens of litigation and to be immune from liability

Plaintiffs' counsel's 56(f) affidavit is deficient. Counsel's affidavit questions whether affidavits and search warrants can be located in the First Judicial District Court records. While the clerk's inability to locate the warrants may raise questions concerning the court's record keeping,

5

Plaintiffs have made no showing that warrants were never issued by Judge Herrera or relied on by the officers. Nothing in the affidavit shows that additional discovery would demonstrate that the search warrants were so facially deficient that they failed to particularize the place to be searched or the things to be seized, Massachusetts v. Sheppard, 468 U.S. 981, 104 S. Ct. 3424 (1984), that Judge Herrera abandoned his judicial role and failed to perform his neutral and detached function in issuing the warrants, Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 99 S. Ct. 2319 (1979), or that Judge Herrera issued search warrants in reliance on deliberately or recklessly false affidavits. Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978).

Additionally, Plaintiffs fail to demonstrate how circumstances have changed since the Court's prior order staying discovery. The Court's initial stay of discovery was in line with the requirements of Harlow, Anderson and Gallegos. Months have elapsed and little has been done to advance the ultimate disposition of this litigation. To the contrary, time limit after time limit elapsed without Plaintiffs filing responses or securing supporting affidavits necessary to demonstrate a particularized need to engage in discovery consistent with Rule 56(f).

In sum, the Court finds that the 56(f) affidavit is deficient; that Plaintiffs did not demonstrate any changed circumstances since the Court's prior order prohibiting discovery; and that Plaintiffs failed to file responses within the times originally established and all extensions granted by the Court.

The Court finds that no discovery should be permitted pending the Court's consideration on the motion to dismiss and motions for summary judgment. However, to avoid a technical default on the pending motions, the Court grants Plaintiffs fifteen days from receipt of the Court's order to respond to the Defendants' outstanding motions.

/s/ Lorenzo F. Garcia
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEY FOR PLAINTIFFS
Ray R. Twohig, Jr., Esq.

ATTORNEY FOR DEFENDANTS
Stephen G. French, Esq.
Luis E. Robles, Esq.