# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARGO SALAZAR, for herself and for her minor
children, ROBERT WHITE and RUSSEL WHITE,
and RANDY WHITE,

     Plaintiffs,

    -vs-                                        No. Civ. 00-1626 LH/LFG

RONALD GARCIA and CARRIE PARBS,

     Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Objections to Magistrate's Order
(Docket No. 27), filed July 18, 2001. The Court, having reviewed the memoranda of the parties, the
record, and the applicable law, and otherwise being fully advised, finds that Plaintiffs' objections are
not well taken and the Magistrate's Order will be **sustained**.

**Background**

     Plaintiffs Margo Salazar and her minor sons Robert, Russel, and Randy White, sue New
Mexico Public Safety Officers Ronald Garcia and Carrie Parbs under 42 U.S.C. § 1983 for violations
of their Fourth, Fifth, and Fourteenth Amendment rights. Their claims arise from the taking of body
samples of Plaintiffs and include alleged violations of their right to be secure from unreasonable
search and seizure; to be free from unlawful arrest and detention, cruel or unusual punishment, and
summary punishment without trial; and for due process and equal protection under the law.

Officer Garcia investigated Ms. Salazar's boyfriend, Robert L. Bryant, for the murder of Reymunda Baca. As alleged in the Complaint, in the course of his investigation Officer Garcia requested several times of Ms. Salazar that she consent to the taking of hair, saliva, blood, and other bodily tissue and fluid samples from her and her children. Despite her lack of consent, on June 18, 1998, Officer Salazar and Randy White's father, who did not have custody of the boy, took Randy to St. Vincent Hospital where hair and blood samples were taken. On June 18, 1998, Officer Garcia took Robert and Russell White from their summer camp to St. Vincent for sample collection.

On June 22, 1998, Officers Garcia and Parbs allegedly entered Ms. Salazar's home without permission, confronting her as she had just gotten out of the shower and was covered only with a bath towel. They ordered her to accompany them to St. Vincent for sample blood, hair, and vaginal fluid collection. When asked by Ms. Salazar to produce a warrant, Defendants showed her only an Order Sealing Affidavit. Ms. Salazar called her attorney, who asked Officer Garcia if he had a warrant. Officer Garcia allegedly then hung up without responding and told Ms. Salazar that her attorney had said for her to submit to the examination, which Ms. Salazar did. After the samples were taken, Officer Garcia gave Ms. Salazar a copy of the Order Sealing Affidavit. She has never seen or been given a copy of a Search Warrant.

**Procedural Background**

Plaintiffs brought their suit on November 17, 2000. Defendants have filed the following motions: Motion to Dismiss No. I: Dismissal of Fifth Amendment, Eighth Amendment, Fourteenth Amendment Procedural Due Process, and Fourteenth Amendment Equal Protection Claims (Docket No. 12), filed February 12, 2001; Motion for Partial Summary Judgment No. I: Dismissal of Fourth Amendment Illegal Search and Seizure Claims on the Basis of Qualified Immunity (Docket No. 8)

filed March 19, 2001; and Motion for Partial Summary Judgment No. II: Dismissal of Fourth Amendment Illegal Search and Seizure Claim Against Agent Parbs Based on the Application of the Doctrine of Absolute Quasi-Judicial Immunity (Docket No. 20), filed May 9, 2001. On March 20, 2001, Defendants moved for a stay of discovery pending the Court's ruling on their dispositive motions. Plaintiffs did not respond to the Motion and Magistrate Judge Garcia granted it on March 29th.

Plaintiffs' responses to Defendants' first two dispositive motions were due on March 19th and April 5th, but they failed to respond to either and did not request an extension of time to respond until April 6th. By the Court's Order of April 18, 2001, Plaintiffs were granted an extension until April 30th. Plaintiffs did not file responses by the 30th; rather, on May 1st they filed their second Motion for an extension, asking for an extension until May 1st. The Court granted this Motion on May 18th. Also on May 1st, Plaintiffs served Defendants with their Motion to Delay Response to Motion to Dismiss and Motion for Summary Judgment and for Leave to Take Limited Discovery, which was entered on the record on June 27, 2001. Magistrate Judge Garcia denied the Motion insofar as it requested limited discovery and, in order to avoid technical default on the pending motions, granted Plaintiffs fifteen days from receipt of the Order to respond. Plaintiffs now object to Judge Garcia's denial of discovery.

**Standard of Review**

Under the Federal Rules of Civil Procedure, a district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). Thus, the Court must defer to the Magistrate Judge's ruling unless it is clearly erroneous or contrary to law. *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly

erroneous standard requires that the Court affirm the Magistrate Judge's ruling unless the Court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**Objection to Magistrate's Order**

Plaintiffs requested leave to conduct discovery concerning the origin and authenticity of the warrants attached as exhibits to Defendants' Motion for Partial Summary Judgment No. I. (*See* Mem. Supp. Mot. Partial Summ. J. No. I Exs. D, E, H, I, L, M, P and Q.) Plaintiffs apparently conducted a review of records in state court, both before filing suit and after receipt of the Motion, and neither they nor court employees were able to locate the search warrants. If the warrants and affidavits attached to the Motion are valid, Plaintiffs submit that their action should be dismissed in whole. (Mot. Delay Resp. Mot. Dismiss and Mot. Summ. J. and for Leave to Take Limited Disc. ¶ 8.) They requested, however, that until the question of the authenticity of the documents is resolved through additional discovery, no decision should be made. (*Id.* ¶ 9.)

Judge Garcia denied this discovery, finding that Plaintiffs' counsel's FED. R. CIV. P. 56(e) affidavit was deficient, that Plaintiffs had shown no change in circumstances since the Court entered its initial stay of discovery, and that Plaintiffs failed to respond to Defendants' Motions within the original and extended time limits established by the Court. Plaintiffs' grounds for their objection "are simply that Plaintiffs' counsel [sic] Rule 56(e) argument demonstrates that the search warrant and affidavits in support thereof may never have actually been filed and may have been fraudulently prepared." (Objections to Magistrate's Order at 1.) Plaintiffs also contend that the "absence of the

affidavit in the clerk's records makes it appear that the affidavit submitted by the agents is false." (*Id.* at 2.)

The Court agrees with Judge Garcia that Plaintiffs' counsel's affidavit is deficient. As Judge Garcia stated:

> Counsel's affidavit questions whether affidavits and search warrants can be located in the First Judicial District Court records. While the clerk's inability to locate the warrants may raise questions concerning the court's record keeping, Plaintiffs have made no showing that warrants were never issued by Judge Herrera or relied on by the officers. Nothing in the affidavit shows that additional discovery would demonstrate that the search warrants were so facially deficient that they failed to particularize the place to be searched or the things to be seized, *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S. Ct. 3424 (1984), that Judge Herrera abandoned his judicial role and failed to perform his neutral and detached function in issuing the warrants, *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S. Ct. 2319 (1979), or that Judge Herrera issued search warrants in reliance on deliberately or recklessly false affidavits. *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978).

(Mem. Op. Order Granting Part Pls.' Mot. Delay Resps. leave take limited Disc. at 5-6.) Judge Garcia's ruling is not clearly erroneous or contrary to law and the Court will sustain it.

**IT IS HEREBY ORDERED** that Plaintiffs' Objections to Magistrate's Order (Docket No. 27), filed July 18, 2001, are not well taken and the Memorandum Opinion and Order Granting in Part and Denying in Part Plaintiffs' Motion to Delay Responses and for Leave to Take Limited Discovery is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiffs have fifteen (15) days from entry of this Order to respond to Defendants' Motion to Dismiss No. I: Dismissal of Fifth Amendment, Eighth Amendment, Fourteenth Amendment Procedural Due Process, and Fourteenth Amendment Equal Protection Claims (Docket No. 12), filed February 12, 2001; Motion for Partial Summary Judgment

No. I: Dismissal of Fourth Amendment Illegal Search and Seizure Claims on the Basis of Qualified Immunity (Docket No. 8) filed March 19, 2001; and Motion for Partial Summary Judgment No. II: Dismissal of Fourth Amendment Illegal Search and Seizure Claim Against Agent Parbs Based on the Application of the Doctrine of Absolute Quasi-Judicial Immunity (Docket No. 20), filed May 9, 2001.

_____
UNITED STATES DISTRICT JUDGE