IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGO SALAZAR, for herself and for her minor
children, ROBERT WHITE and RUSSEL WHITE,
and RANDY WHITE,

        Plaintiffs,

  -vs-                                                      No. Civ. 00-1626 LH/LFG

RONALD GARCIA and CARRIE PARBS,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss No. I: Dismissal of Fifth Amendment, Eighth Amendment, Fourteenth Amendment Procedural Due Process, and Fourteenth Amendment Equal Protection Claims (Docket No. 12), filed February 12, 2001; Motion for Partial Summary Judgment No. I: Dismissal of Fourth Amendment Illegal Search and Seizure Claims on the Basis of Qualified Immunity (Docket No. 8), filed March 19, 2001; and Motion for Partial Summary Judgment No. II: Dismissal of Fourth Amendment Illegal Search and Seizure Claim Against Agent Parbs Based on the Application of the Doctrine of Absolute Quasi-Judicial Immunity (Docket No. 20), filed May 9, 2001.  The Court, having reviewed the Motions, and Defendants' memoranda, the record of this matter, and the applicable law, and otherwise being fully advised, finds that Defendants' Motions are well taken and will be **granted** and that this action will be **dismissed**.

Plaintiffs Margo Salazar and her minor sons Robert, Russel, and Randy White, sue New Mexico Public Safety Officers Ronald Garcia and Carrie Parbs under 42 U.S.C. § 1983 for violations of their Fourth, Fifth, and Fourteenth Amendment rights. Their claims arise from the taking of body samples of Plaintiffs, allegedly without a search warrant. Plaintiffs assert violations of their right to be secure from unreasonable search and seizure; to be free from unlawful arrest and detention, cruel or unusual punishment, and summary punishment without trial; and for due process and equal protection under the law.

Plaintiffs brought their suit on November 17, 2000. On March 20, 2001, subsequent to filing their Motion to Dismiss No. I and Motion for Partial Summary Judgment No. I, Defendants moved for a stay of discovery pending the Court's ruling on their dispositive motions. Plaintiffs did not respond and Magistrate Judge Garcia stayed discovery on March 29th.

Plaintiffs' responses to Defendants' first two dispositive motions were due on March 19th and April 5th, but they failed to respond to either and did not request an extension of time to respond until April 6th. By the Court's Order of April 18, 2001, Plaintiffs were granted an extension until April 30th. Plaintiffs did not file responses by the 30th; rather, on May 1st they filed their second Motion for an extension, asking for an extension until May 1st. The Court granted this Motion on May 18th. Also on May 1st, Plaintiffs served Defendants with their Motion to Delay Response to Motion to Dismiss and Motion for Summary Judgment and for Leave to Take Limited Discovery, which was entered on the record on June 27, 2001. Judge Garcia denied Plaintiffs' Motion insofar as it requested limited discovery and, in order to avoid technical default on Defendants' pending motions, granted Plaintiffs fifteen days from receipt of the Order to respond. Plaintiffs then filed objections to Judge Garcia's denial of discovery.

Plaintiffs requested leave of Judge Garcia to conduct discovery concerning the origin and authenticity of the warrants attached as exhibits to Defendants' Motion for Partial Summary Judgment No. I. (*See* Mem. Supp. Mot. Partial Summ. J. No. I Exs. D, E, H, I, L, M, P and Q.) Plaintiffs apparently conducted a review of records in state court, both before filing suit and after receipt of the Motion, and neither they nor court employees were able to locate the search warrants. If the warrants and affidavits attached to the Motion were valid, Plaintiffs submitted that their action should be dismissed in whole. (Mot. Delay Resp. Mot. Dismiss and Mot. Summ. J. and for Leave to Take Limited Disc. ¶ 8.) They requested, however, that until the question of the authenticity of the documents was resolved through additional discovery, no decision should be made. (*Id.* ¶ 9.)

Judge Garcia denied this discovery, finding that Plaintiffs' counsel's FED. R. CIV. P. 56(e) affidavit was deficient, that Plaintiffs had shown no change in circumstances since the Court entered its initial stay of discovery, and that Plaintiffs failed to respond to Defendants' Motions within the original and extended time limits established by the Court. Plaintiffs' grounds for their objections to Judge Garcia's Order were "simply that Plaintiffs' counsel [sic] Rule 56(e) argument demonstrates that the search warrant and affidavits in support thereof may never have actually been filed and may have been fraudulently prepared." (Objections to Magistrate's Order at 1.) Plaintiffs also contended that the "absence of the affidavit in the clerk's records makes it appear that the affidavit submitted by the agents is false." (*Id.* at 2.)

The Court agreed with Judge Garcia that Plaintiffs' counsel's affidavit was deficient and sustained his ruling. (Memo. Op. Order (Docket No. 29), filed October 12, 2001.) As Judge Garcia stated:

> Counsel's affidavit questions whether affidavits and search warrants can be located in the First Judicial District Court records. While the clerk's inability to locate the warrants may raise questions concerning the court's record keeping, Plaintiffs have made no showing that warrants were never issued by Judge Herrera or relied on by the officers. Nothing in the affidavit shows that additional discovery would demonstrate that the search warrants were so facially deficient that they failed to particularize the place to be searched or the things to be seized, *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S. Ct. 3424 (1984), that Judge Herrera abandoned his judicial role and failed to perform his neutral and detached function in issuing the warrants, *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S. Ct. 2319 (1979), or that Judge Herrera issued search warrants in reliance on deliberately or recklessly false affidavits. *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978).

(Mem. Op. Order Granting Part Pls.' Mot. Delay Resps. Leave Take Limited Disc. at 5-6.) The Court also granted Plaintiffs fifteen days from entry of its Order sustaining the Magistrate Judge to respond to Defendants' pending Motions. Plaintiffs have not done so.

Pursuant to the Local Civil Rules of the United States District Court of New Mexico, "[f]ailure to serve (or file . . .) a response in opposition to any motion constitutes consent to grant the motion." D.N.M.LR-Civ 7.5(b). Furthermore, the Court finds Defendants' Motion to Dismiss No. I: Dismissal of Fifth Amendment, Eighth Amendment, Fourteenth Amendment Procedural Due Process, and Fourteenth Amendment Equal Protection Claims, Motion for Partial Summary Judgment No. I: Dismissal of Fourth Amendment Illegal Search and Seizure Claims on the Basis of Qualified Immunity, and Motion for Partial Summary Judgment No. II: Dismissal of Fourth Amendment Illegal Search and Seizure Claim Against Agent Parbs Based on the Application of the Doctrine of Absolute Quasi-Judicial Immunity are well taken.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss No. I: Dismissal of Fifth Amendment, Eighth Amendment, Fourteenth Amendment Procedural Due Process, and Fourteenth

Amendment Equal Protection Claims (Docket No. 12), filed February 12, 2001; Motion for Partial Summary Judgment No. I: Dismissal of Fourth Amendment Illegal Search and Seizure Claims on the Basis of Qualified Immunity (Docket No. 8) filed March 19, 2001; and Motion for Partial Summary Judgment No. II: Dismissal of Fourth Amendment Illegal Search and Seizure Claim Against Agent Parbs Based on the Application of the Doctrine of Absolute Quasi-Judicial Immunity (Docket No. 20), filed May 9, 2001, are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

_____
UNITED STATES DISTRICT JUDGE